IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SCOTT D. PETTINGILL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN LEASING SYSTEMS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:13CV60DAK** |

This matter is before the court on Defendant's Motion to Dismiss. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Having fully considered the motion, memoranda, and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

**BACKGROUND**

Plaintiff alleges that Defendant, Northern Leasing Systems, Inc. ("Northern Leasing"), filed a lawsuit against him to enforce a guaranty of an Equipment Lease Agreement he entered into with Your Comfort Heating & Air. Plaintiff claims that by filing a lawsuit against him, Northern Leasing acted as a collection agency without being licensed in the state of Utah and in so doing violated the federal Fair Debt Collection Practices Act ("FDCPA").

In the Motion to Dismiss, Defendant argues that the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim

upon which relief can be granted. Specifically, Defendant argues that Plaintiff's claim should be dismissed because it did not act as a collection agency because (1) the FDCPA applies only to debt collectors who are collecting debts owed to another, and Northern Leasing is the creditor to whom the debt is owed and thus is not a debt collector under the FDCPA; and (2) the FDCPA applies to collection of consumer debts, and the debt referenced in Plaintiff's Complaint was a business, rather than a consumer debt.

## DISCUSSION

**1. Plaintiff Has Not Alleged That Northern Leasing Is a Debt Collector Under the FDCPA.**

Defendant argues that it is not a "debt collector" subject to the FDCPA because it is the holder of the debt it is trying to collect, and it is using its own name to collect the debt. Under the FDCPA, a debt collector is any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *to another*." See U.S.C. § 1692a(6) (emphasis added). The term "debt collector" also "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collection or attempting to collect such debts." *Id.* § 1692a(6)(A). Moreover, an action based on the FDCPA must be dismissed if the Defendant is not considered a debt collector within the meaning of the statute. *See, e.g., Eley v. Evans*, 476 F. Supp. 2d 531 (E.D. Va. 2007) (finding car dealer and its president seeking to collect debt owed to them are creditors and not debt collectors under the FDCPA).

Plaintiff does not allege that Northern Leasing attempted to collect a debt owed to another, but merely contends that Northern Leasing filed a lawsuit against him. The court agrees

with the Defendant that Northern Leasing is not a debt collector as defined by the FDCPA because it is not attempting to collect a debt for another and is not using any name other than its own, and Plaintiff has not alleged otherwise.

2. **Plaintiff Has Not Alleged That The Debt Is a Consumer Debt Under the FDCPA**

As a separate and independent basis for dismissal, Defendant argues that the FDCPA does not apply to this action because the underlying debt is a business debt, not a consumer debt. Defendant asserts the debt is a business debt because it was entered into by a company—Your Comfort Heating & Air—and guaranteed by Plaintiff. A "debt" for purposes of the FDCPA is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5); *see also H. Alperin and R. Chase*, Consumer Law ¶622 (Sept. 2012) ("The Fair Debt Collection Practices Act applies to debts contracted by consumers for personal, family or household purposes; accordingly, it has not application to the collection of commercial account"); *First Gibralter Bank FSB v. Smith*, 62 F.3d 133 (5th Cir. 1995) (district court properly dismissed guarantor's FDCPA claims because guaranty was of debts arising out of a commercial transaction); *Garza v. Bancorp Group, Inc.*, 955 F. Supp. 68 (S.D. Tex. 1996) (FDCPA did not apply to collection of debts arising out of leases of equipment for family-owned grocery stores because the debt is a commercial debt).

Plaintiff does not allege that Northern Leasing is attempting to collect a debt that should be considered a consumer debt, and Plaintiff also does not provide any other basis for finding that the FDCPA applies to Northern Leasing's actions to collect a business debt. Accordingly,

the court agrees with Defendant that Plaintiff has not stated a claim under the FDCPA because Plaintiff has not alleged that the debt is a consumer debt. [1]

Finally, Plaintiff argues in his Opposition Memorandum that Defendant's Declaration of Robert Taylor does not meet the requirements of a valid affidavit and therefore is irrelevant and should be stricken. Plaintiff, however, does not provide any support for this argument other than a conclusory statement that the affidavit should be stricken. While the court generally may not reply on matters outside the pleadings when considering a motion to dismiss, a court may consider a document central to the plaintiff's claim and referred to in the complaint when the document's authenticity is not in dispute. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). Here, the purpose of the Declaration is merely to provide to the court with a copy of Defendant's Complaint, which was filed against Plaintiff in New York and is the basis for Plaintiff's instant lawsuit against Defendant – and it is referenced in Plaintiff's Complaint. Accordingly, the court declines to strike the Declaration, but even if the court did strike the Declaration, the court would reach the same result, as the court need not rely on the Declaration to reach the conclusion that Plaintiff has failed to state a claim.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Docket No. 3] is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment in favor of Northern Leasing Systems, Inc., and against Scott D. Pettingill, Jr., and then to close this case.

---

[1] Moreover, the court finds that granting leave to amend would be futile, and thus the court declines to do so.

4

DATED this 13th day of August, 2013.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE